In the Matter of the Application and Petition of THE BOARD OF WATER SUPPLY OF THE CITY OF NEW YORK to Acquire Real Estate for and on Behalf of the City of New York under Chapter 724 of the Laws of 1905, and the Acts Amendatory Thereof and Supplemental Thereto.

(SCHOHARIE-ASHOKAN COMMISSION.)

Supreme Court, Albany County, January 20, 1936.

*Thomas O'Connor* [*George O'Connor* of counsel], for the claimants.

*Paul Windels,* Corporation Counsel [*George S. Parsons* and *John D. Van Wagoner* of counsel], for the Board of Water Supply of the City of New York.

SCHENCK, J.   Claimants Mohawk Paper Mills, Inc., Ben A. Matthews and National Automotive Fibres, Inc., alleged owners of land, water rights and water powers on the so-called north sprout of the Mohawk river in the town of Waterford, move for an order resettling or vacating an order of the Special Term, made October 25, 1935, and for an order appointing a commissioner other than Claude B. Mayham, one of the three commissioners appointed by said order, to hear the claims of claimants of Schoharie county and Saratoga county.

The claims are for damages caused by the diversion of the flow of the waters of the Schoharie creek into the Mohawk river by

the construction and operation of the Gilboa dam and the Shandaken tunnel by the city of New York in carrying out its water supply project.

Claimants contend that by reason of the fact that Mr. Mayham was one of the three commissioners who heard the claim of Cohoes Power and Light Corporation for damages to its water power plant in the town of Waterford caused by diversion of the Schoharie creek waters, he has " prejudiced the case of these claimants and is prejudiced and biased." Claimants further assert that Mr. Mayham " formally expressed opinions upon substantial and material issues of law in our claims." The commissioners of appraisal awarded damages to the Cohoes company after hearings at which a considerable amount of testimony was given. Mr. Mayham filed the memorandum which was concurred in by one of the other commissioners. The award made was confirmed by the Special Term and by the Appellate Division. (*Matter of Board of Water Supply,* 235 App. Div. 752.) Clearly the action of that commission is no ground for disqualification of Mr. Mayham. On the contrary, the decision of the appellate court confirming such action lends judicial support to his qualifications.

It may well be that claimants have in mind that the commission which heard the evidence in the Cohoes proceeding should have been more liberal in fixing the amount of the award, but that issue has been settled by judicial determination.

Mr. Mayham is a resident of Schoharie county and a member of the bar of this State. Substantially all of the claims now pending before the present commission are based on the diversion of the waters of the Schoharie creek and largely affect real estate situate in Schoharie county. Chapter 724 of the Laws of 1905 provides that at least one of the commissioners shall reside " in the county or one of the counties in which the real estate shall be situated." Since Mr. Mayham resides in Schoharie county, the contention of claimants that a resident of Saratoga county must be appointed to the commission is untenable.

Since the filing of their claims these claimants have had an opportunity to offer proof before three different commissions. Objections to individual commissioners have heretofore been made on substantially the same ground as set forth in the moving affidavits on the present motion. An appeal was taken from an order of the Special Term made on February 21, 1931, which included Mr. Mayham and one of the other commissioners who heard the Cohoes company claims. The Appellate Division unanimously affirmed the order of the Special Term. (*Matter of Board of Water Supply,* 233 App. Div. 787.) Upon the expiration of the term of office of

that commission, a commission was appointed which did not include Mr. Mayham, but did include one of the commissioners who had previously participated in the Cohoes company proceeding. This commission later was reappointed to hear the Schoharie creek diversion claims generally, but upon objection made by claimants upon the return of the petition, Judge LOUGHRAN, then holding the Special Term, appointed a separate commission to hear the Saratoga county claims in August, 1933, which commission did not include any of the commissioners who had taken any part in the Cohoes company award. Claimants, however, failed to proceed with their proof although these commissioners of appraisal had been appointed for the purpose of hearing their claims.

Claimants are entitled to an opportunity to present their claims to an impartial and unprejudiced tribunal, but in the circumstances this court is not justified in removing as a commissioner of appraisal a member of the bar of this State on the argument advanced.

The motion is denied and order may be entered accordingly. No costs.